# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-10702
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DONALD DEAN ROWELL,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CR-74-1

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Dean Rowell was convicted by a jury of receipt of photographic child pornography (Count One), receipt of video child pornography (Count Two), receipt of child obscenity (Count Three), and possession of child pornography (Count Four). Rowell was sentenced to 168-month terms of imprisonment on Counts One, Two, and Three and to a 120-month term of imprisonment on Count Four, with all terms to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rowell argues that the district court erred in applying the good-faith exception of United States v. Leon, 468 U.S. 897 (1984), to deny his motion to suppress. Rowell contends that the exception should not have been applied because the search warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. He also argues that the good faith exception is inapplicable because the same officer who provided the affidavit was the investigating agent who executed the search warrant.

Although the affidavit in this case contained what may be regarded as a conclusory statement regarding Rowell's subscription to a child pornography website, the affidavit here was not a "bare bones" one because it also contained rather detailed information about a large-scale investigation of child pornography on the internet conducted by United States Immigration and Customs Enforcement (USICE) agents, as well as details regarding an investigation focused on Rowell. See United States v. Maggitt, 778 F.2d 1029, 1036 (5th Cir. 1985). The affiant, who also executed the search warrant, was entitled to rely on the information provided by the USICE investigation. See United States v. De Leon-Reyna, 930 F.2d 396, 399-400 (5th Cir.1991) (en banc). Further, the affidavit provided sufficient details to link the residence described in the affidavit to child pornography, given that Rowell had attempted to access a child pornography website from an IP address associated with the residence, that Rowell was a subscriber to a child pornography website, and that Rowell resided at the Cherry Avenue address. We conclude that, under the totality of the circumstances, the affidavit was sufficient. See United States v. Fisher, 22 F.3d 574, 578 (5th Cir. 1994).

Rowell renews his argument that his sentence was imposed in violation of the Sixth Amendment. He argues that his proper range under the Sentencing Guidelines is 57-71 months, the range that, he contends, would be obtained if offense level enhancements based on facts not found by the jury were deleted.

This court has held that, after United States v. Booker, 543 U.S. 220 (2005), the Sixth Amendment does not prevent a sentencing judge from finding all facts relevant to sentencing. See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006); United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Rowell's argument is without merit.

Rowell argues that the sentence imposed by the district court was "procedurally unreasonable." He asserts that the district court did not provide an adequate statement of reasons and that the district court improperly treated the Sentencing Guidelines as mandatory.

This court reviews a sentencing decision for "reasonableness," and as the Supreme Court has clarified, "[the] explanation of 'reasonableness' review in the Booker opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." Gall v. United States, 128 S. Ct. 586, 594 (2007). This court conducts its reasonableness review in light of the factors set forth in 18 U.S.C. § 3553(a). Mares, 402 F.3d at 519-20. Where the district court imposes a sentence within a properly calculated guidelines range, little explanation is required, and this court will give the sentence "great deference" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." Id. This court presumes the reasonableness of a sentence within a properly calculated guidelines range, and the Supreme Court has upheld the use of this presumption. See Rita v. United States, 127 S. Ct. 2456, 2462 (2007); Alonzo, 435 F.3d at 554.

The district court's determination, expressed at sentencing, that the guidelines range is appropriate refutes Rowell's contention that the district court viewed the Guidelines as mandatory. Rowell has failed to overcome the presumption of reasonableness to which the district court's within-the-guidelines sentence is entitled. See Alonzo, 435 F.3d at 554.

AFFIRMED.